In the Matter of the Claim of CHARLES COBURN, Respondent, against LENFIN REALTY CORP. et al., Appellants, and Local 32B BUILDING SERVICE EMPLOYEES UNION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and certain nondependency awards made by the Workmen's Compensation Board. Decedent met his death on April 29, 1950, as a result of his accidental fall into

an elevator shaft in the employer's apartment house in the course of his work as an emergency elevator operator during a strike of the employer's elevator operators called by their labor union. Decedent was a member of the union and at the time of the strike had served the employer as a relief operator for some two years. The strike had been called into operation earlier on that day and ended two days later with retroactive pay increases agreed to by the employer. The determinative issue as to the correctness of the awards is whether decedent was in the employ of the appellant employer at the time of his fatal injury. He was then engaged as such emergency operator because he had been so appointed thereto, and was directed therein and was to be paid therefor by his labor union, pursuant to an arrangement agreed to by the union and an authorized agent or representative of the employer which was made shortly before the strike was called, and in anticipation thereof. The purpose of that was to continue some elevator service to those of the employer's tenants who were sick, aged or infirm. At the time of decedent's injury his relation to the appellant employer lacked many of the classic criteria which characterized an employee-employer status. Instead the evidence points rather to its establishment between him and his labor union. However, the brevity of the strike period, the retroactive feature of its settlement, the employer's agreement to the continuation of the elevator service rendered by decedent in the course of which his fatal accident occurred, and the benefit it received therefrom in thus servicing its tenants, all this, we think, was such as to support the board's finding of such an existence of an employee-employer relation as to validate the awards. Decision and awards unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ. [See *post,* p. 902.]